**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 92-571-CR-HURLEY**

UNITED STATES OF AMERICA

vs.

ANDRES CAMPILLO,

        **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR SENTENCE**
**REDUCTION UNDER 18 U.S.C. 3582(c)**

DEFENDANT Andres Campillo has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines, which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. [DE 922].  Based on the new Amendment, the defendant's guideline range is lowered and his sentence should be reduced.   However, the Court may not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015.

## I.    <u>STATEMENT OF THE CASE</u>

On September 11, 1995, the defendant was convicted by a jury of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and attempted possession of cocaine, also in violation of 21 U.S.C. § 846.  The defendant also was convicted of carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

A presentence investigation report (PSI) was prepared prior to sentencing.  Based on a quantity of 401.3 kilograms of cocaine, the base offense level was 38.   Two levels were added for the possession of a firearm, pursuant to U.S.S.G. `§ 2D1.1(b)(1), but this enhancement was

removed by the court due to the section 924(c) conviction.   A two-level enhancement was added for restraint of a victim, pursuant to U.S.S.G. § 3A1.3, making the total offense level 40 for the drug offenses.   The sentencing range was 292-365 months imprisonment, with a consecutive 60-month range for the armed trafficking offense.   The court sentenced the defendant to serve two concurrent sentences of 292 months' imprisonment for the drug trafficking offenses, together with a consecutive term of 60 months' imprisonment for the armed trafficking violation.   According to the BOP, the defendant's projected release date is April 8, 2020.

## II.   LEGAL ANALYSIS

In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on the section 2D1.1 Drug Quantity Table by 2 levels, and making related adjustments.   In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.   This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.   The version of Section 1B1.10 applicable to sentencing reductions under Amendment 782 is effective on November 1, 2014. Application note 8 (2014) provides:   "the court shall use the version of this policy statement that is

in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

A defendant is eligible for a sentencing reduction if Amendment 782 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the now-amended range (other than due to substantial assistance). Even if the defendant is eligible, a district court has discretion to deny a reduction. Further, a proceeding under Section 3582(c)(2) is not a full resentencing proceeding, § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the guideline amendment.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.   § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Section 1B1.10(e)(1), as added in Amendment 788 effective November 1, 2014, provides:

"The court shall not order a reduced term of imprisonment based on Amendment 782 unless the

effective date of the court's order is November 1, 2015, or later."   A new application note 6 adds:

> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).
>
> Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

## III.    ARGUMENT

### Step One – Calculation of the Revised Guideline Range

A review of the defendant's case reveals that he is eligible for relief. At the time of sentencing, the base offense level was 38, since the amount of cocaine involved in the offense was in excess of 150 kilograms.   Under the revised Guidelines, the base offense level for an offense involving 401.3 kilograms of cocaine is only 36.   Applying the same two-level victim-related adjustment applied by the sentencing court results in a total offense level 38, which in turn results in a sentencing range of 235-293 months imprisonment.   Since the guideline range is lowered

from the previous range, which was 292-365 months imprisonment, the defendant is eligible for a sentence reduction as a result of Amendment 782.

### **Step Two – Determination of Whether to Reduce the Defendant's Sentence**

As indicated in *Dillon*, the second step of the process is to determine whether the court should apply the new guideline and reduce the eligible defendant's sentence, after considering the applicable policy statements of the sentencing guidelines and the factors listed in section 3553(a). Having reviewed these factors, the United States does not object to a reduction to the defendant's sentence. Although the offense involved the use of firearms and the restraint of one or more victims as the defendant and his co-defendants sought to secure the delivery of the cocaine which had been seized by DEA, the calculation of the offense level includes the victim-related adjustment, while the use of firearms is reflected in the 60-month consecutive sentence the defendant received. Considering the remaining section 3553(a) factors, the government does not oppose a reduction.

The United States Attorney's Office agrees that Defendant is eligible for a two-level reduction and also agrees that his revised range is 235-293 months imprisonment, which is from 0-57 months less than the current sentence of 292 months. Since the defendant's projected release date is currently April 4, 2020, a sentence could be imposed within the new sentencing range which would end prior to November 1, 2015   Although the government does not oppose a sentence within the revised range, consistent with the Court's original sentencing decision, the newly imposed term of imprisonment must not be less than the term of imprisonment that Defendant will have served as of November 1, 2015.  *See* U.S.S.G. § 1B1.10(b)(2)(C) (prohibiting a reduced term of imprisonment of less than time served); § 1B1.10(e) (requiring that the Court's order have an effective date of November 1, 2015, or later).

Accordingly, the government requests that the Court enter an order reducing Defendant's term of custody to a term of imprisonment within the new guideline range, but which is not less than the time of imprisonment that the defendant will have served as of November 1, 2015.

## IV.    CONCLUSION.

Based on the foregoing, the United States does not oppose Campillo's Motion to Modify Sentence under Title 18, United States Code, Section 3582(c)(2).   Further, the United States recommends a sentence within the amended guideline range which is not less than the time of imprisonment that the defendant shall have served as of November 1, 2015.   The United States also respectfully requests that any order granting Campillo's motion and reducing his sentence not go into effect until after November 1, 2015.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    _____/S/_____

Richard E. Getchell
Assistant United States Attorney
Florida Bar Number 817643
99 Northeast 4th Street
Miami, Florida 33132-2111
(305) 961-9281
(305) 536-7213 (fax)
E-mail: richard.getchell@usdoj.gov

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on January 14, 2015, a true and correct copy of the foregoing was filed via CM/ECF.

_____/S/_____
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY