IN THE UNITED STATES

DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA


Case No.  92-571-CR- DTKH


UNITED STATES OF AMERICA,

   Plaintiff,


v.


ANDRES CAMPILLO

   Defendant


<u>.MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE</u>


  The Defendant, Andres Campillo, by and through  his undersigned counsel, and pursuant to 18 U.S.C. 3583 (e), moves this Honorable Court to early terminate his supervised release.  In support thereof the Defendant states:

1

## BACKGROUND

1.  In the early 1990's, in his mid 40's, Mr. Campillo was arrested and indicted on various drug related offenses.

2.  Following a jury trial, on February 13, 1996, Mr. Campillo was sentenced to 352 months incarceration.

3.  In 2014, Mr. Campillo's motion for modification or reduction of his sentence pursuant to Guideline Amendment 782 was granted. Shortly thereafter, having served approximately 23 years in confinement, he was released to begin a term of five (5) years supervised release.

4.  At the time, Mr. Campillo's motion for modification or reduction of his sentence was granted by this Court, undersigned counsel provided substantial verification of Mr. Campillo's worsening medical condition.

5.  In the last three (3) years of his incarceration, Mr. Campillo had at least ten admissions to local hospitals.

6.  This Court was presented with a printout of Mr. Campillo's then health problems from the BOP. Said printout was four pages long and, among other problems, listed the following medical conditions with which Mr. Campillo was struggling with:

a) Congestive heart failure

b) Renal failure

c) Chronic obstructive asthma

d) Cardiovascular disease

e) Acute bronchitis

f) Hypertension

g) Morbid obesity

h) Gout

i) Respiratory disease

j) Bacterial infections

k) Hernia

l) Fractured shoulder

m) Bipolar disorder.

All of these conditions, and more, were diagnosed within the past 4 years of his incarceration. (It should also be noticed that several years ago Mr. Campillo lost a finger when a prison guard slammed a door on his hand).

7. Mr. Campillo has recently turned 70 years old. Unfortunately, in addition to the above listed medical conditions, he has recently been diagnosed with prostate cancer.

8. As of today, in addition to serving approximately 23 years in prison, Mr. Campillo has fully complied with all of his monetary obligations and has served in excess of 2 years of his five year term of supervised release.

8. Mr. Campillo has proven to be an exemplary member of society. Additionally, he has been a generous member of society, having continued his numerous charitable deeds as attested to in his previously filed motion for reduction of sentence which was granted by this Court.

9. Mr. Campillo has extensive family living throughout the United States. In particular he has children and grandchildren, as well as a brother and nieces and nephews living in Los Angeles. Mr. Campillo, given his present health problems, is desirous of spending as much time with family as is possible. Obviously, his continuation on supervised release makes it a hardship for him to travel (over the past 2 years, Mr. Campillo has traveled outside of the Southern District with the consent of his supervising probation officer and has, at all times, complied with all condition related to such travel.)

10. Given his full compliance with all of the conditions of his supervised release imposed by this Court to date, Mr. Campillo poses no threat to the public, and no risk of recidivism. The sentence imposed upon him by the Court clearly served any necessary deterrence objective.

10. Thus, this case presents an ideal situation for early termination. It is clear that none of the objectives of Section 3553 or any other laws would be furthered by continuing supervised release at this time.

## LEGAL MEMORANDUM

Title 18, Section 3583 of the United States Code gives this Court the authority to " terminate a term of supervised release and discharge the Defendant released at any time after the expiration of one year supervised release…. if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. Section 3583 (e) (1). In making such decisions, courts should consider the sentencing factors set forth in 18 U.S.C. Section 3553.

This Court has broad discretion to grant relief under Section 3583, see e.g. United States vs. McClamma, 548 F. Appx. 598, 599 (11th Cir. 2013), and there are sound policy reasons supporting early termination for

compliant offenders. Indeed, early termination of supervision for appropriate individuals is an effective was to save costs without jeopardizing public safety.

In this case, considering the sentencing factors set forth in 18 U.S.C. Section 3553, Mr. Campillo's exemplary conduct to date, including his full compliance with all monetary conditions, and, most importantly his deteriorating health and recent diagnosis of prostate cancer, his supervised release should be terminated.

## CONFERENCE WITH OPPOSING COUNSEL AND PROBATION

Undersigned counsel has attempted to contact the Office of the United States Attorney with regard to their position on the relief sought in this motion. Undersigned counsel has not yet received a return telephone call from the United States Attorney's Office.

Undersigned counsel has attempted to contact Mr. Campillo's supervised release officer, Griffith Louden,. Mr. Louden has not yet returned undersigned counsel's telephone calls. Of greater importance, undersigned counsel has been informed by Mr. Campillo that it was Mr. Louden who suggested that he have undersigned counsel file this motion, as given Mr.

Campillo's health and the fact that he had met all of his monetary obligations, he would have no objection to this Court granting this motion.

<u>REQUEST FOR HEARING</u>

Undersigned counsel does not believe that a hearing is necessary herein if the Court is inclined to grant this motion. However, if the Court is otherwise inclined, undersigned counsel would request the opportunity for Mr. Campillo to be able to personally appear before, and address, the Court.

Respectfully submitted,

SAMEK & BESSER, PA

Lawrence E. Besser, Esq.

1200 Brickell Avenue

Suite 1950

Miami, FL 33131

(305) 577-3873

FBN# 0236268

BY: /s/ Lawrence Besser

Lawrence E. Besser, Esq.

Attorney for Andres Campillo

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document on this day 9th day of January 2018, with the Clerk of the Court using CM/ECF.

/s/ Lawrence Besser

Lawrence Besser, Esq.

8